IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-03083-01-CR-S-MDH |
| ) | |
| TYLER J. BROWN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's *Pro Se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Defendant was sentenced on or about June 3, 2020, to a total of 144 months imprisonment following a guilty plea for possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously-imposed sentence for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C.A. § 3582. In 2023, the Sentencing Commission promulgated Amendment 821, which, in relevant part, downgraded the number of criminal history points a defendant receives when the defendant commits the instant offense while under a criminal justice sentence. USSG § 4A1.1(e). In the present case, however, amendments to § 4A1.1(e) do not impact Defendant's criminal history category or the guidelines range, as Defendant was never assessed status points at the time of his original sentence. (Doc. 26 ¶¶ 39, 40). Defendant's Motion to Reduce Sentence is, therefore, **DENIED**.

1

**IT IS SO ORDERED**.

DATED: May 28, 2024                               */s/ Douglas Harpool*
                                                              **DOUGLAS HARPOOL**
                                                              **UNITED STATES DISTRICT JUDGE**